**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 17-3077-7-CR-S-SRB |
| **CHRISTINE D. JONES,** | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of conspiracy to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the

attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten years or more is possible. In this case, the defendant is charged with conspiracy to distribute 1,000 grams or more of heroin, a crime for which a term of not less than ten years and not more than life imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in Count 1 of the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, defendant's statutory sentencing range is currently a term of imprisonment not less than ten and not more than life imprisonment

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

The defendant has a prior conviction for stealing from Greene County, Missouri, where she received a suspended imposition of sentence in 2011. On October 19, 2016, a warrant was executed in the home of the defendant and officers found approximately four grams of heroin, a distributive amount of heroin. In a post-*Miranda* interview, the defendant admitted that her source of heroin was co-defendant Amy Mitchell and that she had also obtained heroin from co-defendant Jovan Denson. The defendant admitted she started selling heroin about six months prior to the interview and she started getting heroin from Mitchell about five months before the interview. The defendant said she was getting about two to four grams a day and claimed she was using 6/10 of a gram herself and selling the rest.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney

By  */s/ Josephine M. Larison*
Josephine M. Larison
Missouri Bar No. 63956
Special Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on June 20, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine M. Larison*
Josephine M. Larison
Special Assistant United States Attorney